UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HARRY PHILLIPS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 06-7376 |
| STATE FARM INSURANCE COMPANY, ET AL. | * | SECTION "L"(3) |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 6).  For the following reasons, the Plaintiffs' motion is GRANTED.[1]

## I.    BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiffs' home at 2124 Citrus Ave. in St. Bernard, Louisiana, which suffered damage as a result of Hurricane Katrina.  The Defendants in this case are State Farm Fire and Casualty Company ("State Farm"),[2] the Plaintiffs' homeowners' insurance carrier, and Edward Schaumburg, a State Farm agent.

In August of 2006, the Plaintiffs filed the present action in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.  The Plaintiffs allege that they are entitled to payment from State Farm for damages and losses to the property, in addition to bad-faith penalties under Louisiana law.  The Plaintiffs also allege that Schaumburg made various

---

[1]  Accordingly, the parties in this case need not appear for the joint early status conference on February 9, 2007.

[2]  The Defendant was improperly named as State Farm Insurance Company in the petition.

misrepresentations and failed to inform them of potential gaps in insurance coverage and failed

to procure adequate insurance.

State Farm removed this case to federal court on October 5, 2006, contending that this

Court has jurisdiction under either of the following provisions:  (1) diversity jurisdiction under

28 U.S.C. § 1332, because Schaumburg is improperly joined and the amount in controversy

exceeds $75,000; or (2) the MultiParty, MultiForum Trial Jurisdiction Act pursuant to 28 U.S.C.

§ 1369.  On November 6, 2006, the Plaintiffs filed the instant motion to remand.

## II.      LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists

and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th

Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of

remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed,

"doubts regarding whether removal jurisdiction is proper should be resolved against federal

jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all

disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v.*

*Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### A.      Diversity Jurisdiction

State Farm contends that the Court has diversity jurisdiction over this case because

complete diversity exists between the Plaintiffs and the properly joined Defendant, and the

amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

Specifically, State Farm asserts that diversity jurisdiction exists because Schaumburg, the

non-diverse defendant, was improperly joined and, therefore, that the Court must disregard his

2

citizenship.  "The burden of proving a fraudulent joinder is a heavy one," and the burden is

borne by the removing party.  *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).

The removing party can satisfy its heavy burden by demonstrating "that there is no possibility

that the plaintiff would be able to establish a cause of action against the in-state defendant in

state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts."

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  However, "[i]f there is

arguably a reasonable basis for predicting that the state law might impose liability on the facts

involved, then there is no fraudulent joinder.  This possibility . . . must be reasonable not merely

theoretical."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312

(5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

In this case, the Plaintiffs allege that Schaumburg misrepresented the terms of the

insurance policy and failed to adequately explain the policy exclusions and limitations.  Without

further factual development, the Court cannot conclude that the Plaintiffs have no possibility of

recovery against the in-state defendant in this case.  *See, e.g., Maco Serv., Inc. v. Allstate Ins.

Co.*, No. 06-8117, 2006 WL 3905002 (E.D. La. Dec. 18, 2006); *S. Athletic Club, LLC v. Hanover

Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006).  The parties have submitted

conflicting affidavits reflecting the existence of a factual dispute regarding whether

Schaumburg's alleged bad advice took place within the three-year peremptive period.

Accordingly, the Court finds that Schaumburg was not improperly joined and, thus, that diversity

jurisdiction does not exist in this case.  *See, e.g., Alfonso v. State Farm Ins. Co.*, No. 06-6691,

2007 WL 119463 (E.D. La. Jan. 10, 2007); *Botnick v. Vigilant Ins. Co.*, No. 06-2595, 2006 WL

2947912 (E.D. La. Oct. 13, 2006).[3]

**B.      Multiparty, Multiforum Trial Jurisdiction Act**

The Defendants also assert that federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").  The Defendants contends that removal was proper (1) pursuant to 28 U.S.C. § 1441(e)(1)(A) because this action could have been brought in a United States district court under 28 U.S.C. § 1369 and/or (2) pursuant to 28 U.S.C. § 1441(e)(1)(B) because the Defendants are parties to other actions in this district which were or could have been brought under 28 U.S.C. § 1369.

Section 1369 creates original federal jurisdiction over "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location."  28 U.S.C. § 1369(a).  The Eastern District has consistently found that the MMTJA does not confer federal jurisdiction over cases arising out of Hurricane Katrina, in part because the requisite number of deaths did not occur at a "discrete location."  *See, e.g., Case v. ANPAC La. Ins. Co.*, ___ F. Supp. 2d ___, 2006 WL 3615064, at *6-15 (E.D. La. Dec. 11, 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).  This Court agrees and finds that the MMTJA does not confer federal jurisdiction in this case.

**III.      CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is

---

[3] Having found that diversity of citizenship does not exist, the Court need not consider whether the amount-in-controversy requirement has been satisfied.

GRANTED and that this matter is hereby REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

New Orleans, Louisiana, this __1st__ day of __February__, 2007.

_____

UNITED STATES DISTRICT JUDGE